Waymond M. Brown, Judge, concurring. Although I agree that our court is procedurally barred from hearing this appeal, I write separately because, after exhaustive research and effort, I cannot see why the trial judge would decide to follow through with the forfeiture of Mr. Espinoza’s $19,894, when the charging agency moved to dismiss without prejudice believing it lacked the evidence to confiscate the money. Pursuant to Arkansas Rule of Civil Procedure 41(a), a plaintiff in a civil suit may move to dismiss an action without prejudice before submission of the case to the trial court. Here, despite Mr. Espinoza’s request for a ruling on the State’s motion to dismiss the forfeiture, the trial judge withheld his ruling in order to receive a transcript of a conversation between Mr. Espinoza, phis co-defendant, and, at times, the arresting officer, after the cash had been found and Mr. Espinoza had been detained in the back of a patrol car. The transcript was received by the trial court. In his order, the judge noted statements such as, ‘What are we going to do? They just found the money,” and “Please don’t find it, please don’t find it” in determining-that both Mr. Espinoza and his companion “knew that this illicit money was hauled down the road.” Absent from the same order was the obvious language barrier that existed between Mr. Espinoza and the arresting officer, the officer’s insistence that he had been a state trooper for sixteen years and there was only one reason someone would carry that much cash in his vehicle, the officer’s apparent refusal to be shown text messages between Mr. Espinoza and the person from whom he said he wished to buy a truck, or even Mr. Espinoza’s companion’s statement, “You didn’t tell me you had that money. You just told me we were coming to buy a truck.” Meanwhile, Mr. Espinoza presented the trial court with numerous paychecks from various construction jobs, as well as tax documents evidencing his argument that the money was lawfully earned. Nevertheless, the trial judge ordered forfeiture of the nearly $20,000. In response to Mr. Espinoza’s motion for reconsideration, the judge simply stated, “The Defendant’s Motion to Reconsider is denied and without merit.” He gave no further explanation. I am of the belief that unsubstantiated suspicions are not just cause for circumventing established judicial practices. I concur.